UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SONJA H., §
§
          Plaintiff, §
§
v. § Case # 1:19-CV-1086-DB
§
COMMISSIONER OF SOCIAL SECURITY, § MEMORANDUM DECISION
§ AND ORDER
          Defendant. §

## INTRODUCTION

Plaintiff Sonja H. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") that denied her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* docket entry dated November 23, 2020).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 9, 11. Plaintiff also filed a reply. *See* ECF No. 14. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 9) is **DENIED**, and the Commissioner's motion for judgment on the pleadings (ECF No. 11) is **GRANTED.**

## BACKGROUND

On August 11, 2016, Plaintiff protectively filed an application for SSI, alleging disability beginning January 1, 2012 (the disability onset date). Transcript ("Tr.") 13, 187-98. Plaintiff alleged disability due to: "(1) Anxiety (2005); (2) Depression (2005); (3) Fell and Hurt Back (2011)-herniated discs; (4) Achilles Tendon Issues (2015); (5) Left Shoulder-Arthritis (2014); (6) GERD [gastroesophageal reflux disease] (2008); (7) High Blood Pressure; and (8) PTSD [post-

traumatic stress disorder]-childhood trauma." Tr. 208. Plaintiff's claim was denied initially on October 28, 2016, after which she requested an administrative hearing. Tr. 13, 110-21, 122-24. On July 3, 2018, Administrative Law Judge Brian Battles (the "ALJ") conducted a video hearing from Alexandria, Virginia. Tr. 13, 39-67. Plaintiff appeared and testified from Buffalo, New York, and was represented by Laura Henskee, an attorney. *Id*. Randolph J. Salmons, an impartial vocational expert ("VE"), also appeared and testified at the hearing. *Id*.

The ALJ issued an unfavorable decision on September 4, 2018, finding that Plaintiff was not disabled. Tr. 10-23. On June 27, 2019, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's September 4, 2018 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

**II.     The Sequential Evaluation Process**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the

Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his September 4, 2018 decision:

1. The claimant has not engaged in substantial gainful activity since August 11, 2016, the application date (20 CFR 416.971 *et seq*.);

2. The claimant has the following severe impairments: degenerative disc disease, depressive disorder, generalized anxiety disorder, and Posttraumatic [*sic*] Stress Disorder (PTSD) (20 CFR 416.920(c))

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926);

4. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)[1] except the claimant can occasionally push and pull and operate foot controls with the bilateral lower extremities; occasionally balance, stoop, kneel, crouch, and crawl; occasionally climb ramps or stairs; cannot climb ladders, ropes, or scaffolds; cannot work in an area that has very high concentrations of dust, fumes, gases, and other pulmonary irritants; cannot work in hazardous environments such as at unprotected heights or around dangerous machinery and open flames; can perform unskilled, simple, routine, and repetitive tasks and can work in a low stress job, defined as making only occasional decisions and tolerating only occasional changes in the work setting; and tolerate no more than occasional contact with supervisors, coworkers and the general public with respect to performing work related duties;

5. The claimant has no past relevant work (20 CFR 416.965);

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

6. The claimant was born on January 5, 1969 and was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963);

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964);

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968);

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a);

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 11, 2016, the date the application was filed (20 CFR 416.920(g)).

Tr. 13-23.

Accordingly, the ALJ determined that, based on the application for supplemental security benefits filed on August 11, 2016, the claimant is not disabled under section 1614(a)(3)(A) of the Act. Tr. 23.

## ANALYSIS

Plaintiff asserts two points of error. Plaintiff first argues that the ALJ failed to properly evaluate her alleged need to use a cane. *See* ECF No. 9-1 at 8-10. Plaintiff next argues that the ALJ's RFC finding is unsupported by substantial evidence because the ALJ improperly evaluated the opinion of consultative internal medicine examiner Hongbiao Liu, M.D. ("Dr. Liu"). *See id.* at 11.

The Commissioner responds that the ALJ appropriately considered the evidence regarding Plaintiff's use of a cane and appropriately considered Dr. Liu's Opinion in assessing Plaintiff's physical RFC. *See* ECF No. 11-1 at 11-20. Further, argues the Commissioner, the ALJ's decision was supported by substantial evidence. *See id.*

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v.*

*Chater*, 221 F.3d 126, 131 (2d Cir.2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record in this case, the Court finds that the ALJ reasonably concluded that the record did not support a finding that a cane was medically necessary during the time period at issue. The ALJ appropriately considered Dr. Liu's October 2016 consultative examination report and other evidence of record, including Plaintiff's subjective complaints and testimony, the medical evidence of record, and the evidence of only conservative treatment for her alleged constant "whole body" pain, and his conclusion that Plaintiff was capable of a reduced range of light work despite her impairments was supported by substantial evidence.

With respect to Plaintiff's first argument, although Plaintiff claims that the ALJ failed to properly evaluate her need to use a cane, the record reflects that the ALJ expressly considered Plaintiff's allegation that she required a cane to ambulate. Tr. 19, 20. The ALJ noted that in October 2014 (about two years before the relevant time period in this case), Plaintiff's primary care provider, Antonia Redhead, M.D. ("Dr. Redhead"), recommended a cane because Plaintiff reported low back and knee pain and was walking with a limp. Tr. 20, 324-26. However, as the ALJ explained, by October 2016 (shortly after Plaintiff filed her SSI application), her gait and station were normal, and the record did not indicate any medical necessity for the use of a cane. Tr. 20, 362-63, 366-67.

Although the cane was listed in the "Current Meds" sections of Dr. Redhead's progress notes during visits in October 2016 (Tr. 361-62), December 2016 (Tr. 369-70), March 2017 (373-74), and June 2017 (381-82), it was no longer suggested as part of her "End of Encounter Meds,"

6

nor in her treatment plans corresponding to those encounters. Tr. 366-67, 371, 375, 383. In addition, the use of a cane was not listed in either her "Current Meds" or as part of her treatment plan during her most recent visits with Dr. Redhead in December 2017 (Tr. 386-87, 388), January 2018 (394-95), and March 2018 (397-98, 399-400.

As the ALJ also noted that during Dr. Liu's consultative examination in October 2016, Plaintiff walked with a normal gait and used no assistive devices. Tr. 20, 276. The ALJ further observed that when Plaintiff visited Dr. Redhead in March 2017, the only noted abnormality was limited range of motion in the lumbar spine; Plaintiff's gait, station, reflexes, and sensation were within normal limits. Tr. 20, 375. As noted above, Dr. Redhead's examinations revealed similar physical findings during subsequent appointments in June 2017, December 2017, and March 2018. Tr. 383, 387-88, 398-99. Additionally, Plaintiff did not mention using a cane at the July 2018 administrative hearing.

Based on the foregoing, the ALJ reasonably concluded that the evidence of record did not support a finding that use of a cane was medically necessary during the relevant time period. Tr. 20. *See, e.g., Smith v. Colvin*, No. 12-CV-1098 MAT, 2015 WL 3970932, at *9 (W.D.N.Y. June 30, 2015) (ALJ did not err by excluding use of cane from RFC; noting that SSR 96-9p provides that "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed . . . .").

Plaintiff next argues that the ALJ's RFC finding is unsupported by substantial evidence because the ALJ "failed to reconcile the conflict between Dr. Liu's opinion and the finding, and also relied substantially on the silence of Dr. Liu's opinion to infer that [she] could perform light work." *See* ECF No. 9-1 at 11. Contrary to Plaintiff's arguments, the ALJ appropriately relied

upon Dr. Liu's October 2016 consultative examination report in concluding that the overall record supported the finding that Plaintiff was capable of a reduced range of light work despite her impairments. Tr. 20-21, 275-78.[2]

As the ALJ noted, Plaintiff told Dr. Liu that she had "whole body" pain with constant and sharp shoulder, neck, back, and ankle pain. Tr. 20, 275. In addition, the ALJ noted Dr. Liu's examination findings that Plaintiff appeared to be in no acute distress and walked with a normal gait with no assistive devices; she had difficulty with heel and toe walking secondary to low back pain, but needed no help changing for the examination or getting on or off the examination table and was able to rise from a chair without difficulty. Tr. 20, 276. The ALJ further noted that, on physical examination, Plaintiff showed some limitations during range of motion testing and had positive straight leg raising test bilaterally at 15 degrees; deep tendon reflexes were physiologic and equal in her upper and lower extremities; right leg sensation was decreased compared to the left, but she had full (5/5) strength in her upper and lower extremities; and her hand and finger dexterity was intact, with full grip strength bilaterally. Tr. 20, 277.

As the ALJ noted, based on the examination findings, Dr. Liu opined that Plaintiff had mild to moderate limitation with prolonged walking, bending, and kneeling. Tr. 20, 277. In weighing Dr. Liu's opinion, the ALJ first observed that Dr. Liu formed his opinion after an in-person examination and reflected the degree of limitation demonstrated during the examination. Tr. 21, 276-77. The ALJ further noted that Dr. Liu's opinion was consistent with the conservative nature of Plaintiff's treatment, as well as the absence of any orthopedic and neurologic specialist

---

[2] The agency published final rules entitled "Revisions to Rules Regarding the Evaluation of Medical Evidence," which altered the rules pertaining to the ALJ's assessment of medical source opinions effective March 27, 2017. See 82 Fed. Reg. 5844 (Jan. 18, 2017); see also 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). As Plaintiff's SSI application was filed in August 2016, the regulatory section applicable to the evaluation of medical opinion evidence relating to her SSI claim is 20 C.F.R. § 416.927, "Evaluating opinion evidence for claims filed before March 27, 2017."

recommendations or treatment in the record. Tr. 21. An ALJ may properly discount the opinion of a treating physician when the opinion is internally inconsistent or inconsistent with other evidence. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); *see also Burguess v. Berryhill*, No. 17-CV-6204L, 2018 WL 3569933, at *4 (W.D.N.Y. July 25, 2018) (ALJ properly discounted physician's opinions that were inconsistent with treatment records, objective testing, and history of conservative treatment).

The ALJ also noted that records from Plaintiff's most recent visit with Dr. Redhead in March 2018 showed that, despite her low back pain, her gait and station were normal with no loss of sensation, loss of strength, or loss of functioning documented. Tr. 21, 399. Because the ALJ found that Dr. Liu's opinion was supported by the weight of the evidence, the ALJ appropriately assigned the opinion significant weight. Tr. 21, 275-78. *See, e.g., Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 78 (2d Cir. 2018) (substantial evidence supported ALJ's RFC finding; ALJ "largely relied on the report of a consultative examiner"); *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) ("The report of a consultative physician may constitute such substantial evidence."); *Gurney v. Colvin*, No. 14-CV-688S, 2016 WL 805405, *3 (W.D.N.Y. 2016) (noting that moderate physical limitations opined by consultative examiner "are frequently found to be consistent with an RFC for a full range of light work") (collecting cases).

Plaintiff also argues that because the ALJ accorded significant weight to Dr. Liu's opinion, "[he] was not permitted to ignore limitations from the opinion." *See* ECF No. 9-1 at 13. Plaintiff further argues that if the ALJ "believed Dr. Liu's opined limitation as to prolonged walking was not supported, he was required to explain his basis for that conclusion." *See id*. However, the ALJ expressly discussed Dr. Liu's opinion that Plaintiff had mild to moderate limitation with prolonged

9

walking and clearly considered Dr. Liu's opined limitation in formulating Plaintiff's RFC. Tr. 20-21, 277.

Furthermore, an opined mild to moderate limitation in prolonged walking is not inherently inconsistent with an RFC for light work. *See, e.g., Townsend v. Berryhill*, No. 1:16-CV-00406-MAT, 2017 WL 5375038, at *2, 3–4 (W.D.N.Y. Nov. 14, 2017) (substantial evidence supported ALJ's RFC finding for a range of light work, including standing/walking up to six hours in an eight-hour workday). As the court explained in *Townsend*, "[b]y arguing that the ALJ neglected to adopt the [consultative examiner's] 'moderate restriction' in prolonged walking, Plaintiff attempts to overlook the 'mild' language in [the consultative examiner]'s restriction in order to portray light work as inconsistent with a moderate limitation for prolonged walking. *Townsend v. Berryhill*, 2017 WL 5375038, at *3–4. Just as in *Townsend*, Plaintiff here has not shown that the ALJ failed to consider Dr. Liu's mild to moderate limitation to prolonged walking, or that the ALJ's physical RFC finding was otherwise not based on substantial evidence.

Contrary to Plaintiff suggestion, the ALJ did not simply reject Dr. Liu's opinion, nor did the ALJ elevate his "lay opinion" above that of Dr. Liu. *See* ECF No. 9-1 at 15. Rather, the ALJ reasonably accorded Dr. Liu's opinion significant weight in concluding that the overall record supported the finding that Plaintiff could perform a reduced range of light exertional level work. Tr. 15-23, 275-78. The ALJ is obligated to formulate a claimant's RFC based on the record as a whole, not just upon the medical opinions alone. *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. at 79; *see also* SSR 96-8p ("The RFC assessment must be based on all of the relevant evidence in the case record, such as: Medical history, Medical signs and laboratory findings, The effects of treatment . . . , Reports of daily activities, Lay evidence, Recorded observations, Medical source statements, Effects of symptoms . . .").

Furthermore, the RFC finding is not defective merely because it "does not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision." *Trepanier*, 752 F. App'x at 79; *see also Wilson v. Colvin*, No. 6:16-CV-06509-MAT, 2017 WL 2821560, at *5 (W.D.N.Y. June 30, 2017) ("Furthermore, the fact that an RFC assessment does not correspond exactly to a medical expert's opinion in the record does not mean that the RFC assessment is 'just made up'"); *Landers v. Colvin*, No. 14-CV-1090S, 2016 WL 1211283, at *4 (W.D.N.Y. Mar. 29, 2016) (rejecting argument that ALJ failed to incorporate certain moderate work-related limitations suggested by medical sources to whom the ALJ accorded "greatest weight").

Plaintiff also argues that Dr. Liu's opinion could not support the finding that Plaintiff was capable of light work because he "failed to offer" any opinion about her ability to sit, stand, lift, or carry. *See* ECF No. 9-1 at 13-14. This argument likewise fails to establish error in this case. A medical source's failure to negatively opine on limitations in certain functional areas indicates that the claimant had limitations only in the functional areas specified in the opinion. *See, e.g., Morgan v. Berryhill*, No. 18-CV-484-HKS, 2019 WL 4871502, at *3 (W.D.N.Y. Oct. 3, 2019). Furthermore, as noted above, the ALJ's RFC finding is not required to precisely mirror a medical opinion, and despite the fact that Dr. Liu assessed no limitations in lifting, carrying, standing, or sitting, the ALJ weighed the other evidence of record in Plaintiff's favor by according some weight to her claims regarding limitations caused by her alleged "whole body" pain. Tr. 15-22. *See, e.g., Corbiere v. Berryhill*, 760 F. App'x 54, 57 (2d Cir. 2019) ("Moreover, the ALJ must weigh all the evidence to make an [RFC] finding consistent with the record as a whole."); *McKillip v. Comm'r of Soc. Sec.*, No. 18-CV-854S, 2019 WL 567759 at *9 (W.D.N.Y. Nov. 1, 2019) ("It is the ALJ's duty to formulate the RFC after evaluating the opinion evidence, treatment records, and the testimony of the claimant.") (internal quotation, citation omitted).

Ultimately, it is Plaintiff's burden to provide evidence to establish her work-related limitations, and she failed to prove that she was more limited by her physical impairments than the ALJ found based on the overall record, including Dr. Liu's opinion, showed her to be. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about h[er] medical condition, to do so."); *see also Woodmancy v. Colvin*, 577 Fed. App'x 72, 74 (2d Cir. 2014) ("A claimant has the burden of establishing that she has a 'severe impairment,' which is 'any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work.'") (citation and quotation marks omitted).

In sum, the ALJ appropriately weighed Dr. Liu's opinion in the context of the evidence as a whole, and it supports the finding that she was capable of a reduced range of light exertional level work. Upon review of the ALJ's decision and the entire record, the Court finds that substantial evidence supports the ALJ's RFC finding, and Plaintiff did not meet her burden of showing that a reasonable factfinder must have assessed a more restrictive RFC finding. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018); 740 F. App'x at 726 ("Smith had a duty to prove a more restrictive RFC, and failed to do so."); *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.").

While Plaintiff may disagree with the ALJ's conclusion, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, No. 16-02672, 2018 WL 459678, at *3 (2d Cir. Jan. 18, 2018) (internal citations and quotations omitted). Plaintiff here failed to meet his burden of proving that no reasonable factfinder could have reached the ALJ's

findings on this record. The substantial evidence standard is "a very deferential standard of review— even more so than the 'clearly erroneous' standard," and the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would *have to conclude* otherwise.")*See Brault v. Soc. Sec. Admin.*, *Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in original).

For all these reasons, the Court finds that the ALJ appropriately considered the evidence of record, including the clinical findings and the medical opinions, and the ALJ's determination was supported by substantial evidence. Accordingly, the Court finds no error.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is **DENIED**, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court will enter judgment and close this case.

**IT IS SO ORDERED**.

*[signature]*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE